UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE LUIS LUNA JIMENEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:26-cv-00004-JPH-MKK |
| ) | |
| BRISON SWEARINGEN Sheriff/Warden ) of the Clay County Justice Center, ) KRISTI NOEM Secretary, U.S. ) Department of Homeland Security, ) PAMELA J. BONDI U.S. Attorney ) General, ) SAMUEL OLSON Field Office Acting ) Director of Enforcement and Removal ) Operations, Chicago Field Office, ) Immigration and Customs Enforcement, ) U.S. DEPARTMENT OF HOMELAND ) SECURITY, ) EXECUTIVE OFFICE FOR IMMIGRATION ) REVIEW, ) ) Respondents. ) | |

**ORDER GRANTING PETITION FOR HABEAS CORPUS
AND DIRECTING FURTHER PROCEEDINGS**

Petitioner Jose Luis Luna Jimenez is detained at the Clay County Jail in Brazil, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). He filed this writ of habeas corpus petition under 28 U.S.C. § 2241 seeking immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 2. Mr. Luna Jimenez argues that ICE is unlawfully detaining him under a statute making him ineligible for bond. Respondents argue that Mr. Luna Jimenez's detention is lawful and reasonable. Dkt. 9. For the reasons explained below, the Court **grants** the petition to the extent that **no**

1

**later than 5:00 p.m. on January 16, 2026, Respondents must either**: (1) afford Petitioner an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision.

### I.    Background

Mr. Luna Jimenez is a citizen of Mexico. Dkt. 2 ¶ 15. In March 2015, he entered the United States when he was 14 years old. Dkt. 10 at 1.

On December 16, 2025, Mr. Luna Jimenez was detained by the Indiana State Police after a traffic stop. Dkt. 9 at 5. The next day, he was detained by ICE pursuant to a warrant, and the Department of Homeland Security ("DHS") issued a Notice to Appear and placed him in removal proceedings under section 240 of the Immigration and Nationality Act ("INA"). Dkt. 9-1 at 4 (Warrant); *id.* at 5 (Notice to Appear).

The Notice to Appear charges Mr. Luna Jimenez with being subject to removal under § 212(a)(6)(A)(i) of the INA [8 U.S.C. § 1182(a)(6)(A)(i)] as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under § 212(a)(7)(A)(i) of the INA [8 U.S.C. § 1182(a)(7)(A)(i)] as "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act." *Id.* at 11. The "arriving alien" checkbox is unmarked. *Id.* He was ordered to appear before an immigration judge on January 9, 2026. To the Court's knowledge, he remains in detention.

2

*See* U.S. Immigration and Customs Enforcement, "Online Detainee Locator System," https://locator.ice.gov/odls/#/search (search reflecting that Mr. Luna Jimenez is still housed at the Clay County Detention Center as of January 12, 2026).

Mr. Luna Jimenez filed this habeas petition on January 5. Dkt. 2. The Court ordered Respondents to show cause why the relief should not be granted the same day. After reviewing the parties' submissions, the Court now turns to the petition.

## II.     Discussion

Mr. Luna Jimenez claims that his current detention violates the INA and due process. Dkt. 2 ¶¶ 60–66. Respondents argue that Mr. Luna Jimenez's claim is premature, that he is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A), and that his continued detention is reasonable. Dkt. 9. As explained below, the Court finds that Mr. Luna Jimenez's detention is unlawful because he has not been afforded an individualized bond hearing. Because Mr. Luna Jimenez is entitled to habeas corpus relief on these grounds, the Court does not address the constitutional arguments.

### A. Exhaustion

Respondents argue that Mr. Luna Jimenez's claims are premature because he has not received a decision on bond from an Immigration Judge. Dkt. 9 at 6. Mr. Luna Jimenez argues that any attempt to exhaust his administrative remedies would be futile because the BIA has already directly addressed the

issue of his statutory qualification for bond in *Matter of Yajure Hurtado* and *Matter of Q. Li*. Dkt. 17 at 6–7.

There is no statutory requirement that Petitioner move for a bond hearing before an immigration judge before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other district courts determined that the petitioner was not required to exhaust administrative remedies by seeking a bond hearing before an immigration judge because doing so would be futile given *Matter of Yajure Hurtado*'s holding. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citations omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, dkt. 18 at 2-3, 6-9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Petitioner was not required to exhaust administrative remedies because doing so would be futile.

### B. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
>
> > On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [T]he Attorney General—
> >
> > (1) may continue to detain the arrested alien; and
> >
> > (2) may release the alien on—
> >
> > > (A) bond . . . or
> > >
> > > (B) conditional parole.

8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8), (d)(1); *see also* 8 C.F.R. § 1236.1(c)(8), (d)(1). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98

5

(2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." In relevant part, it provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for

expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### C. Mr. Luna Jimenez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Luna Jimenez is eligible for a bond hearing under § 1226(a).

Respondents argue that Mr. Luna Jimenez is subject to the broader "catchall provision" in § 1225(b)(2) because he is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 9 at 8-9.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Luna Jimenez who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Mendoza-Loera v. Warden, Clay Co. Jail*, 2:25-cv-00554-JPH-MJD, dkt. 16 at 8–11 (S.D. Ind. Nov. 21, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Alejandro*, 2025 WL 2896348, at *14-19. Respondents have cited no binding precedent to the contrary. In *Mendoza-Loera*, 2:25-cv-00554-JPH-MJD, the

Court found that the few district court decisions adopting the Respondents' interpretation of § 1225 were distinguishable or otherwise unpersuasive.

The Court concludes that Mr. Luna Jimenez is entitled to a bond hearing under § 1226, and it declines to reach Mr. Luna Jimenez's other arguments.

### III.  Scope of Relief

Mr. Luna Jimenez is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Luna Jimenez requests immediate release from custody or, in the alternative, an individualized bond hearing before an immigration judge. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).  However, the Court finds that it would not be in the interests of justice to order Mr. Luna Jimenez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a).

### IV.  Conclusion

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on January 16, 2026, Respondents must either**: (1) provide Mr. Luna Jimenez with an individualized bond hearing before an immigration judge pursuant to 8

8

U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision. No later than **January 18, 2026**, Respondents must file a notice with the Court certifying that they have complied with the Court's order. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 1/13/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-Registered Counsel of Record